UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY GUIDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 05 C 3695 |
| SCHIFF HARDIN LLP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM ORDER AND OPINION**

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant Schiff Hardin LLP's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Kathy Guider claims that the sexually harassing behavior of a co-worker subjected her to a hostile work environment. Defendant contends that the allegedly harassing conduct was not sufficiently severe or pervasive to constitute a hostile work environment and, moreover, that its prompt response to her internal complaint precludes any basis for liability. For the reasons set forth below, we grant Defendant's motion with respect to the hostile work environment claim.[1]

---

[1]Defendant also moves for summary judgment on Guider's remaining two retaliation claims. In response to the motion, however, Guider states – in a footnote – that she "has opted to voluntarily dismiss Counts II and III." (Pl.'s Resp. to Def.'s Facts at 2 n.5.) Defendant correctly points out that Guider no longer has the option of voluntarily dismissing claims without the Court's permission. Fed. R. Civ. P. 41(a). Accordingly, we construe Guider's footnote as a motion for leave to voluntarily dismiss Counts II and III pursuant to Rule 41(a)(2). Neither Guider's footnote, nor her responses to the motion or to Defendant's Local Rule 56.1 statement, contain any explanation for her request or indicate whether she seeks leave to dismiss with or without prejudice. Although we have discretion to interpret her intentions, we are unable do so without more information. *See Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2367 (2d ed. 1995). Given the stage of these proceedings, the efforts expended by Defendant in discovery and summary judgment briefing, and Guider's complete failure to explain the need for dismissal, we agree with Defendant that dismissal with prejudice should be permitted. *See Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991) (*citing Pace v. S. Exp. Co.*, 406 F.2d 331, 334 (7th Cir. 1969)). Before imposing such a condition upon Guider's request, we must offer her the

- 1 -

# SUMMARY OF THE FACTS[2]

Guider began her employment with Defendant in February 1997, where she works in the Accounting Department. (Def.'s Facts ¶¶ 15-16.) From 2001 through July 2004, Guider reported to supervisor Ron Stricker, Defendant's Financial Accounting Manager. (*Id.* ¶¶ 6, 18.) Since 2000, John Villasenor has been the Accounts Receivable Supervisor. (*Id.* ¶ 5.) Although Villasenor may have had input into Guider's reviews, he was not her supervisor. (Pl.'s Resp. to Def.'s Facts ¶ 20; Pl.'s Mem. of Law Supporting Denial of Def.'s Mot. at 8; Def.'s Facts ¶¶ 20-22.)

Guider bases her sexual harassment claim on several incidents involving her co-worker, Villasenor. In December 2003, Villasenor had a conversation with Guider and two other co-workers about a place at 167th Street and Pulaski where men pay to have sex with women. (Pl.'s Facts ¶¶ 1-2.) He reported that he had been there and suggested that Guider and the other employees go as well. (*Id.* ¶ 1.) Sometime during that same month, he again mentioned this location and asked another employee if she had visited it.[3] (*Id.* ¶ 2.) Villasenor did not describe the details of any sex acts at this site. (Def.'s Facts ¶ 76.) When Villasenor made these comments, Guider did not feel that he was trying to initiate a sexual relationship with her or her co-workers. (*Id.* ¶ 77.)

Shortly thereafter, in January 2004, Villasenor called Guider and Stricker into his office, where he showed them a sexually-suggestive commercial emailed to him by his wife. (Pl.'s Facts

---

opportunity to decline dismissal with prejudice and proceed with a proper response to Defendant's motion on Counts II and III. *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994). Accordingly, Guider has until September 25, 2006 to inform us if she wishes to withdraw her request for dismissal. Otherwise, Counts II and II will be dismissed with prejudice.

[2]Unless otherwise noted, the facts described herein are undisputed.

[3]Defendant denies this allegation, emphasizing that Guider testified in her deposition as to only one conversation regarding the place at 167th and Pulaski. (Def.'s Resp. to Pl.'s Facts ¶ 2.) While we credit Plaintiff's version of the facts for purposes of this motion, the dispute is immaterial and has no bearing on our decision.

¶ 3; Def.'s Facts ¶¶ 72-74.) Although the commercial did not include any nudity, sexual acts or sexual language, it depicts a man and woman in a car at a stoplight and insinuates that the couple has engaged in oral sex. (Pl.'s Resp. to Def.'s Facts ¶¶ 72-74.) After the commercial ended, Stricker turned red in embarrassment and asked Villasenor what he was "trying to do." (Pl.'s Facts ¶ 5.) The following day, Guider asked Stricker why Villasenor showed them the video, but he did not respond. (*Id.* ¶ 4.)

Finally, on March 8 and 9, 2004, Villasenor rubbed Guider's shoulders for a couple of seconds as she sat at her desk and told her that she smelled good. (Def.'s Facts ¶ 79.) When Guider indicated that this contact was unwelcome, Villasenor stopped. (*Id.* ¶ 80.) At no time did Villasenor proposition Guider, touch her private areas, or talk dirty to her. (*Id.* ¶ 82.)

On March 9, Guider complained about Villasenor's conduct to Betty Faulhaber, Defendant's Director of Human Resources. (*Id.* ¶¶ 3, 84; Pl's Facts ¶ 6.) Within two days, Faulhaber completed an investigation, which included interviews of Guider and witnesses. (Def.'s Facts ¶ 85.) Faulhaber reprimanded Villasenor and required him to take additional training. (*Id.* ¶ 86.) On March 17, 2004, Guider emailed Faulhaber, informing her that Villasenor apologized for the email and stated that he would respect Guider's space. (*Id.* ¶ 88.) At that time, Guider thanked Faulhaber for her prompt resolution of the matter. (*Id.*) Following Faulhaber's investigation, Villasenor stopped all allegedly harassing conduct. (*Id.* ¶ 87.)

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56©. A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading" but rather "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e). In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all inferences in that party's favor. *See Anderson*, 477 U.S. at 255. Finally, "[w]e apply the summary judgment standard with special scrutiny to employment discrimination cases, which often turn on the issues of intent and credibility." *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000) (*citing Bellaver v. Quanex Corp.*, 200 F.3d 485, 491 (7th Cir. 2000)).

## ANALYSIS

An employer violates Title VII when it engages in sexual harassment that creates a hostile or offensive working environment. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66, 106 S.Ct. 2399, 2405 (1986); *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 345 (7th Cir. 1999); *Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 673 (7th Cir. 1993). Guider must prove that (1) her work environment was subjectively and objectively offensive, (2) the harassment was based on her membership in a protected class, (3) the conduct was severe or pervasive, and (4) there is a basis for employer liability. *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040, 1045 (7th Cir. 2002). Here, Defendant contends that Guider failed to satisfy the third and fourth elements of her claim.

With respect to the third element, "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370 (1993). A court must consider the "totality of the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

interferes with an employee's work performance.'" *Cerros*, 288 F.3d at 1046 (*quoting Harris*, 510 U.S. at 23). As the Seventh Circuit observed,

> Drawing the line is not always easy. On one side lie sexual assaults; other physical contact, whether amorous or hostile, for which there is no consent express or implied; uninvited sexual solicitations; intimidating words or acts; obscene language or gestures; pornographic pictures. On the other side lies the occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers.

*Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995) (commenting that an actionable workplace is "hellish"); *see Worth v. Tyer*, 276 F.3d 249, 267 (7th Cir. 2001). "Isolated and minor incidents of questionable conduct generally will not warrant a conclusion of sexual harassment." *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 461(7th Cir. 2002). In conducting this analysis, we maintain "an appropriate sensitivity to social context," to ensure that Title VII does not become a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 82, 118 S.Ct. 998, 1002-1003 (1998).

In this case, Guider alleges that Villasenor's conduct subjected her to a hostile work environment. She bases her claim on: (1) Villasenor's two conversations regarding a brothel at 167th and Pulaski; (2) the commercial Villasenor played for her and Stricker that she felt was "laden with innuendo;" and (3) the March 8 and 9 incidents where he briefly rubbed her shoulders in a suggestive manner. (Pl.'s Facts ¶¶ 1-3, 6; Pl.'s Resp. Def.'s Facts ¶¶ 71-72.) Having reviewed the hostile work environment precedent in this circuit, we agree with Defendant that Villasenor's conduct, while inappropriate, simply does not rise to the level of harassment actionable under Title VII. *See Rogers v. City of Chicago*, 320 F.3d 748, 750, 752-753 (7th Cir. 2003) (concluding that several offensive comments and one incident of physical contact over a period of several months was not an objectively offensive environment)*; Cowan v. Prudential Ins. Co. of Am.*, 141 F.3d 751, 758-759 (7th Cir. 1998) (holding that occasional conversations about strip clubs, circulation of a co-worker's picture with a stripper, an allegedly offensive cartoon, various comments to plaintiff, and a photograph of a scantily-clad cheerleader on a company publication did not give rise to a hostile environment); *Adusumilli v. City of*

*Chicago*, 164 F.3d 353, 357-358, 361-362 (7th Cir. 1998) (concluding that ambiguous comments, teasing, staring and four brief incidents where a co-worker touched plaintiff's arm, fingers or buttocks lacked severity); *Weiss v. Coca-Cola Bottling Co. of Chicago*, 990 F.2d 333, 337 (7th Cir. 1993) (affirming dismissal of plaintiff's claim where alleged harasser asked her repeatedly for dates, called her a "dumb blond," touched her shoulder several times and attempted to kiss her).

These relatively minor events, which occurred over the course of three months, were sporadic, unrelated and infrequent. While Guider may have been uncomfortable with Villasenor's talk of visiting a bordello, she did not perceive that he was "coming on" to her or the other co-workers present. His did not discuss sex acts in any detail or invite Guider, at any time or in any manner, to engage in a sexual relationship with him. The commercial – while not necessarily suitable for a workplace – is not pornographic, sexually explicit or otherwise plainly or objectively offensive such that it could constitute severe harassment. Indeed, primetime network television frequently involves more explicit language and scenarios than the images contained in the commercial at issue. *See, e.g., Baskerville*, 50 F.3d at 431.

Although the two instances of physical contact are the most serious of Guider's allegations, they are insufficient, either alone or in conjunction with Villasenor's other actions, to create an environment that would be considered abusive or hostile by a reasonable person. *Hilt-Dyson*, 282 F.3d at 463-464 (holding that two back rubbing incidents occurring on two consecutive days were not actionable harassment); *see also Lindbloom v. Challenger Day Program Ltd.*, 37 F. Supp. 2d 1109, 1114-1115 (N.D. Ill. 1999) (granting summary judgment where plaintiff alleged that, over course of one year, harasser stared at her, touched her knee five times, touched her shoulder ten times, stood too close to her, asked about her weekend and fondled her at a party). Villasenor rubbed Guider's shoulders for "a couple of seconds" and said that she smelled good. (Def.'s Facts ¶ 79.) He stopped touching Guider as soon as she shrugged him off and never repeated this behavior once informed that it offended her. All in all, Guider

does not argue that Villasenor's conduct was intimidating, frightening, threatening or accompanied by demands or requests. Moreover, the record before us does not suggest that his behavior, though immature, affected Guider's work performance. Accordingly, we conclude that Villasenor's conduct was not severe or pervasive enough to create an objectively hostile work environment.[4]

## CONCLUSION

For the reasons set forth above, we hereby grant Defendant's motion for summary judgment on Guider's hostile work environment claim (Count I).[5] As explained in footnote 1, Guider may withdraw her request for voluntary dismissal of Counts II and III on or by September 25, 2006. If she elects to proceed with the request, we will dismiss the remaining claims with prejudice. It is so ordered.

                                                Honorable Marvin E. Aspen
                                                U.S. District Court Judge

Dated: September 18, 2006

---

[4] Because we decide the instant motion on the above grounds, we need not address Defendant's alternative argument that it could not be liable under Title VII given its response to Guider's complaint.

[5] In light of our decision, we deny Defendant's Motion to Dismiss on the Grounds of Spoliation of Evidence as moot [Docket No. 18].